UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
UNITED STATES OF AMERICA           :
                                   :   Crim. No. 11-627 (NLH)
     v.                            :
                                   :
ELIJAH BURKS                       :   **OPINION**
               Defendant           :
_____:

**APPEARANCES:**

Elijah Burks, 63232-050
FCI Bennettsville
PO Box 52020
Bennettsville, South Carolina 29512
     *Petitioner pro se*

OFFICE OF THE UNITED STATES ATTORNEY
By: Diana Vondra Carrig, Assistant United States Attorney
401 Market Street, 4th Floor
Camden, New Jersey 08101
     *On behalf of the United States of America*

**HILLMAN**, **District Judge**

     This matter comes before this Court upon Defendant Elijah Burks's letter Motion for compassionate release to home confinement [ECF No. 28], filed in light of the COVID-19 pandemic and thus pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A).  Defendant is an inmate serving a 108-month sentence to be completed in November 2021.  He is currently being held at Federal Correctional Institution ("FCI")

Bennettsville, a federal facility in Bennettsville, South Carolina.

In the instant motion, Defendant seeks immediate release to home confinement on the basis of alleged "unsanitary conditions" at FCI Bennettsville, which he contends puts him at a heightened risk of contracting COVID-19.  For the reasons stated below, Defendant's motion will be denied.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On September 20, 2011, Defendant pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [ECF No. 15].  On April 27, 2012, this Court sentenced Defendant to 108 months' imprisonment and three years of supervised release [ECF No. 23].  Consistent with the recommendation of this Court, the Bureau of Prisons ("BOP") designated Defendant to FCI Bennettsville to serve out his sentence.

On April 17, 2020, Defendant filed a *pro* se letter motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  That same motion also included a claim that the BOP had miscalculated his sentence.  On April 20, 2020, this Court issued an Order severing the miscalculation allegation, to be considered as a petition for writ of habeas corpus in a civil action under 28 U.S.C. § 2241, and preserving the compassionate release motion for review in the criminal action [ECF No. 28].

2

In his motion, Defendant alleges, without elaboration, that "unsanitary conditions" in BOP custody make him more likely to contract COVID-19 while incarcerated at FCI Bennettsville.

## II. LEGAL STANDARD

"The recently enacted First Step Act allows a defendant to be afforded compassionate release for 'extraordinary and compelling reasons.'" United States v. Sellers, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. April 24, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  A district court may only grant a motion for reduction of sentence under the First Step Act if such motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020).  Exhaustion of remedies is a statutory requirement which the court may not waive. See, e.g., Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).

## III. DISCUSSION

As the nation continues to grapple with the COVID-19 pandemic, the Court considers Defendant's Motion and its

underlying concerns with seriousness.  However, as the United States Court of Appeals for the Third Circuit has articulated, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[1]

---

[1] The Government argues that Defendant's motion "seek[s] home confinement, and not compassionate release", thus addressing an issue "committed solely to BOP's discretion" and beyond the authority of this Court.  This Court has previously noted that "[p]re-release placement decisions, such as transfers to home confinement, are committed to the BOP's sole discretion" under 18 U.S.C. § 3642(c)(2), and that "[t]he CARES Act did not remove that discretion, [but] only gave the Attorney General the authority to expand the class of inmates that can be released on home confinement". Defoggi v. United States, Civ. No. 20-3889 (NLH), 2020 WL 2899495, at *5 (D.N.J. June 3, 2020).  The Court also notes that this discretion may yet be exercised in Defendant's favor, as the Government has indicated that "[Defendant]'s unit team at FCI Bennettsville is currently processing paperwork to determine his eligibility for early release to a halfway house or home confinement to serve the last 151 to 180 days of his sentence." See ECF No. 31, at 13.
  However, Defendant is proceeding *pro se*, and the Third Circuit has noted that "federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (quoting United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990)).  The Court concludes upon review of Defendant's filing that it is cognizable as a request for compassionate release in light of the COVID-19 pandemic.

Defendant does not allege that he has "fully exhausted all administrative rights" with regard to his request for a reduction in his sentence.  Nor does he allege that he has submitted a request to the warden of FCI Bennettsville for transfer to home confinement.  Nor has he provided any documentation of such a request.  The Government, for its part, represents that it contacted BOP and found no record of any such request from Defendant as of August 27, 2020.

Because Defendant has failed to show that he has exhausted his administrative remedies, this Court may not consider the merits of his motion at this time.

**IV.  CONCLUSION**

For the foregoing reasons, Defendant's letter Motion for compassionate release to home confinement [ECF No. 28], pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), will be denied without prejudice.

An Order consistent with this Opinion shall issue on this date.


DATED: September 22nd, 2020

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.